**ORIGINAL**

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

Name _MOTLEY        EDWARD           E_
     (Last)        (First)         (Initial)

Prisoner Number _H-56441_

Institutional Address _CCI - P.O. BOX - 1902  TEHACHAPI, CA. 93581_

**FILED**

MAR 1 0 2008

**RICHARD W. WIEKING**
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

=================================================================

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

_EDWARD EUGENE MOTLEY_

(Enter the full name of plaintiff in this action.)

vs.

_W.J. SULLIVAN (WARDEN)_

_____

_____

_____

(Enter the full name of respondent(s) or jailer in this action.)

**CV 08 1362 JF**

Case No. _____
(To be provided by the clerk of court)

**PETITION FOR A WRIT E-filing**
**OF HABEAS CORPUS**

=================================================================

Read Comments Carefully Before Filling In

Underline When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

i.  What sentence are you challenging in this petition?

(a)  Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

<u>SANTA CLARA COUNTY SUPER. CT.</u>    <u>SANTA CLARA</u>

Court                                    Location

(b)  Case number, if known  <u>155474</u>

(c)  Date and terms of sentence  <u>11/4/92 — LIFE + 30 YRS.</u>

(d)  Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)    Yes  ✓    No ____

Where?

Name of Institution:  <u>CCI - TEHACHAPI IV</u>

Address: <u>P.O. BOX - 1902, TEHACHAPI, CA. 93581</u>

2.  For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

<u>(Ct.1) Kidnap/Robbery 209(b); (Cts. 2 & 4) Oral Copulation 288(a)(c); (Cts. 3 & 5) Penetration foreign Object 289(a); Personal use Firearm (Cts. 1, 2, 3 & 4) 12022.3(a), 12022.3 (b), 12022.5(a) w/ arming Allegations... (Usage reversed on appeal)</u>

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                       Yes ✓      No _____

    Preliminary Hearing:           Yes ✓      No _____

    Motion to Suppress:            Yes _____    No ✓

4. How did you plead?

    Guilty _____    Not Guilty ✓    Nolo Contendere _____

    Any other plea (specify) _____ N/A _____

5. If you went to trial, what kind of trial did you have?

    Jury ✓    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?            Yes _____    No ✓

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                   Yes ✓    No _____

    (b)    Preliminary hearing         Yes ✓    No _____

    (c)    Time of plea                 Yes ✓    No _____

    (d)    Trial                       Yes ✓    No _____

    (e)    Sentencing                  Yes ✓    No _____

    (f)    Appeal                     Yes ✓    No _____

    (g)    Other post-conviction proceeding    Yes ✓    No _____

8. Did you appeal your conviction?         Yes ✓    No _____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal             Yes ✓    No _____

        Year: 1994      Result: Reversal 4 cts. 2 & 5 otherwise affirmed

        Supreme Court of California    Yes _____    No ✓

        Year: _____      Result: _____

        Any other court             Yes _____    No ✓

        Year: _____      Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

petition?                                                     Yes _____    No __✓__

(c)    Was there an opinion?                                  Yes __✓__    No_____

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

Yes _____    No __✓__

If you did, give the name of the court and the result:

_____ N/A _____

_____

9.  Other than appeals, have you previously filed any petitions, applications or motions with respect to

this conviction in any court, state or federal?              Yes __✓__    No_____

[Note:  If you previously filed a petition for a writ of habeas corpus in federal court that

challenged the same conviction you are challenging now and if that petition was denied or dismissed

with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

for an order authorizing the district court to consider this petition.  You may not file a second or

subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit.  28

U.S.C. §§ 2244(b).]

(a)    If you sought relief in any proceeding other than an appeal, answer the following

questions for each proceeding.  Attach extra paper if you need more space.

I.    Name of Court: _Santa Clara County Superior Court_

Type of Proceeding: _Habeas Corpus_

Grounds raised (Be brief but specific):

a. _IAC - TRIAL COUNSEL_

b. _IAC - APPELLATE COUNSEL_

c. _INSUFFICIENCY OF EVIDENCE  289(a) - 209(b)_

d._____

Result: _DENIED_____ Date of Result: _2/17/04_

II.   Name of Court: _SIXTH DISTRICT - COURT of APPEALS_

Type of Proceeding: _HABEAS CORPUS._

Grounds raised (Be brief but specific):

a. *IAC - TRIAL COUNSEL*

b. *IAC - APPELLATE COUNSEL*

c. *INSUFFICIENT EVID. 289(a) 209(b)*

d. *RESPONDENT'S FAILURE TO CONTROVERT ALLEGATIONS & COURT'S FAILURE TO REVIEW CLAIM.*

Result: *DENIED*          Date of Result: *3/9/05*

III.    Name of Court: *CALIFORNIA SUPREME COURT*

Type of Proceeding: *HABEAS CORPUS - PETITION for REVIEW*

Grounds raised (Be brief but specific):

a. *IAC - TRIAL COUNSEL*

b. *IAC - APPELLATE COUNSEL*

c. *INSUFFICIENT EVID. 289(a) 209(b)*

d. *FAILURE TO CONTROVERT ALLEGATIONS & COURT'S FAILURE TO REVIEW CLAIM*

Result: *DENIED*          Date of Result: *6/8/05*

IV.    Name of Court: *PLEASE SEE EXHIBITS "I", "J", "K"*

Type of Proceeding: *AND "L" OF THIS PETITION*

Grounds raised (Be brief but specific):

a. *SAME AS ABOVE AT II AND III*

b. _____

c. _____

d. _____

Result: *SEE EXHIBITS*          Date of Result: _____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No ✓

Name and location of court: ~~CALIFORNIA SUPREME COURT~~

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS          - 5 -

1  need more space.  Answer the same questions for each claim.

2  [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: PETITIONER WAS DENIED DUE PROCESS OF LAW, VIOLATING

6  ARTICLE I. 24, 29 OF THE CALIFORNIA CONSTITUTION AND THE

7  ~~Supporting Facts~~ FOURTEENTH AMENDMENT OF THE UNITED STATES

8  CONSTITUTION. . .

9  PLEASE SEE NEXT PAGE 6(1) et.seq. FOR

10  FULL STATEMENT OF CLAIMS AND FACTS ETC. . .

11  Claim Two:_____
                          ''

12  _____

13  Supporting Facts:_____
                          ''

14  _____

15  _____
                          ''

16  _____

17  Claim Three:_____
                          ''

18  _____

19  Supporting Facts:_____
                          ''

20  _____

21  _____
                          ''

22  _____

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____N/A_____

26  _____

27  _____

28  _____

<u>CLAIM. I</u>

## PETITIONER WAS DENIED DUE PROCESS OF LAW, VIOLATING ARTICLE I. 24, 29 OF THE CALIFORNIA CONSTITUTION AND 14th AMENDMENT OF THE UNITED STATES CONSTITUTION

On 12/16/02 Santa Clara County Superior Court Judge Alfonso Fernandez issued an "Order To Show Cause" in a petition for writ of habeas corpus challenging a 1992 conviction. Said "OTSC" was issued regarding grounds "1" and "4" of said habeas. (See Ex. A pg. 9 and Ex. B - ground 4)

[1]On 1/30/03 Santa Clara County deputy district attorney Ronald R. Rico submitted the "Peoples Return", which made no mention of "Insufficiency of Evidence".

After reviewing the "Return" (and some research) petitioner found that respondent's failure to "controvert all the material allegations" was the equivalent of admittance. Petitioner immediately contacted appointed counsel Steven D. Woodson (by mail) requesting that he amend or supplement the Traverse, alerting the court of this fact. Counsel did not respond, so petitioner submitted a motion on his own (Ex. C; See also Ex. D -- the date said motion was mailed) the court did not reply.

Approximately one week later petitioner received the court's "Order for Evidentiary Hearing." (Ex. E)

FN. 1) PETITIONER CANNOT AFFORD TO PAY FOR COPIES OF THE RETURN, TRAVERSE, AND EVIDENTIARY HEARING TRANSCRIPTS -- HE ONLY HAS ONE OF EACH.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1   Once the hearing commenced the arguments were restrict-
2   ed to the Ineffective Assistance of Counsel issues, so just be-
3   fore the hearing adjourned petitioner prompted counsel to add-
4   ress the court regarding respondent's failure to controvert the
5   material allegations. (Ex. F) The respondent countered stating
6   "the real issue" is adequacy of counsel. . . and the court
7   agreed. (Ex. G)

8   After receiving the "Final Order" (Ex. H) petitioner present-
9   ed these same issues (along with the original ones) to the
10  California Court of Appeal and was Denied without prejudice
11  to the filing of an original habeas petition accompanied by
12  the appropriate record. (*In re Edward E. Motley*, No. H027327
13  Cal. App. 6th Dist.) *In pursuit of the* "Evidentiary Hearing" tran-
14  scripts petitioner submitted a "Writ of Mandate, (*Motley v. Sup-*
15  *erior Ct. of Santa Clara*, No. H027810 Cal. App. 6th Dist.) which
16  was Denied without prejudice due to the court's issuance of
17  "OTSC" in *Edward Motley on habeas corpus*, No. H027875,
18  which was eventually granted by what petitioner believed to
19  be default.

20  Upon receipt of the "Evidentiary Transcripts" petitioner
21  made the same claims in a new habeas to the Cal. Ct. of
22  Appeal, 6th Dist.. The petition was denied without comment.
23  Petitioner then presented the same issues in a "Petition
24  for Review in the Cal. Supreme Court and was again Denied
25  without comment. (Please see Appendix A)

26  Petitioner then submitted a Federal habeas petition
27  in this court making these same claims, but the claims were

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1 heard _in connection_ with the initial issues brought on habeas,
2 and subsequently Denied based upon the provisions of the
3 AEDPA's statute of limitations (Ex. I and J)
4     Petitioner appealed to the Ninth Circuit (Ex. K) and req-
5 uested a rehearing. (Ex. L)

6

### THE STATE FAILED TO REVIEW PETITIONER'S INSUFFICIENCY OF EVIDENCE CLAIM IN ACC- ORDANCE WITH THE STANDARD OF REVIEW SET BY CALIFORNIA AND THE U.S. SUPREME COURT

13     In _Jackson v. Virginia_, (1979) 443 U.S. 307, 314 the U.S.
14 Supreme Court held that "the critical inquiry on review of
15 the sufficiency of the evidence to support a criminal convic-
16 tion . . . is to determine whether the record evidence could
17 reasonably support a finding of guilty beyond a reasonable
18 doubt". The _Jackson_ Court went on to explain that this inquiry
19 does not require a court to ask whether it believes that the
20 evidence at trial established guilt beyond a reasonable
21 doubt. (Id. at pp. 318-319) (See also. _People v. Johnson_, (1980)
22 26 Cal. 3d 557; _People v. Towler_, 1982 31 Cal. 3d 105, 117-119; fully
23 discussed herein at Ex. B)
24     A review of the "OTSC", (Ex. A) the "Order for Evidentiary
25 Hearing", (Ex. E) and the "Final Order" (Ex. H) will reveal that
26 this "required review" was not applied in this instance. Alth-
27 ough the court did base it's "OTSC" on IAC and insufficiency of

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

1  evidence, while stating that "At the very least, it would mean
2  that there was insufficient evidence for personal use enhance-
3  ment". At the "Evidentiary Hearing" the court declined to hear
4  the Insufficiency Evidence and made no mention of the
5  sufficiency of evidence regarding the use enhancement.
6      Thusly, petitioner did not receive a full and fair review
7  of his Insufficiency of Evidence claims.

8

9         ## THE STATE COURT FAILED
10        ## TO ADHERE TO IT'S OWN LAWS

11     In McQueary v. Blodgett, 924 F.2d 829, 831 n.1 (9th Cir. 1991)
12  the court reasoned that "The writ of habeas corpus exists pre-
13  cisely to allow federal-based challenges to state law". (See
14  also; Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir. 1991)
15     Here, the state arbitrarily deprived petitioner of his
16  right to have the people controvert the material allegations
17  relative to the claims issued in the "OTSC". The people's failure
18  to address the insufficiency of evidence claim 'inabled petit-
19  ioner to further develop the claim and rendered it useless
20  for the purposes of the proceeding. (See People v. Duvall, 37 Cal.
21  Rptr. 2d 259 (1995); Cal. Rules of Ct. Rule 4.551(d)). In Calif-
22  ornia, when either party in a habeas corpus proceeding
23  fails to controvert the material allegations in the Return or
24  Denial those allegations are deemed admitted for the purp-
25  oses of the proceedings and the court must rule according-
26  ly. (In re Lewallen, 23 Cal. 3d 274 (1979); People v. Duvall, supra.)
27  In this instance, petitioner alerted the court. (Ex. C) But the

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1 court didn't entertain petitioner's motion, which entailed a very
2 reasonable request. The court's refusal to entertain the motion
3 was fundamentally unfair, for the "OTSC" was issued for two
4 reasons, and HAD there been any misunderstanding regarding the
5 reasoning behind the issuance of the Insufficiency of Evid-
6 ence claim, that was the time to sort it out. Instead, while
7 having knowledge of petitioner's stance regarding the "OTSC", the
8 court issued it's "Order for Evidentiary". Moreover, in the days
9 leading up to the hearing petitioner asked counsel (face to face)
10 about the status of the Insufficiency of Evidence claim and
11 counsel stated that he was _unsure_ as to what the issuance
12 was based upon.
13      In the waning stages of the hearing the court missed
14 yet another oppertunity to set the record straight as to
15 it's issuance of the Insufficiency of evidence claim. (Ex.F
16 and Ex.G) In the "Final Order" the court asserted that pet-
17 itioner's contentions regarding Nelson and Watkins in conn-
18 ection with trial counsel's failure to investigate supported
19 petitioner's claim that _the evidence was insufficient_ to
20 convict him of count one. Petitioner respectfully submits
21 that the court's view of petitioner's Insufficiency of Evid-
22 ence claim is in error, (See Ex. B-the actual claim) the
23 Ineffective Assistance of counsel claim was independent
24 of that claim. Furthermore, a review of the evidentiary
25 hearing transcripts will reveal that the only time the
26 Insufficiency of Evidence claim was mentioned is when
27 counsel brought it up. (Ex.F) In fact the court agreed with

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1  the people that the only _two_ interests were "**counsel's per**
2  **formance**" regarding the fingerprint evidence and the dec-
3  ision to forgoe calling Ricky Nelson. (Ex. G)
4        Petitioner sought relief in the Cal. Ct. of Appeals 6th
5  Dist. adding the contentions ⟵⟶ (in detail) herein, but due to
6  the "Evidentiary Hearing Transcripts" not being attached the
7  petition was DENIED. Petitioner then attempted a number
8  of legal maneuvers (mentioned above at pg. 6②) that took
9  approximately one year to obtain the transcripts. Petitioner
10  then resubmitted a new habeas, which was DENIED without
11  comment or citation. Petitioner went through an entire year
12  of confusing legal processes to obtain transcripts so that
13  these issues may be heard only to have them ignored. It is
14  well established that a state petition for writ of habeas
15  corpus cannot be summarily denied — — a brief exp-
16  lanation must be given. Nonetheless, petitioner submitted
17  a "Petition for Review" to the Cal. Supreme Ct., and again
18  was DENIED without comment or citation. (See Appendix A)
19        In _Navarette v. Comstock_, (1971) 325 F. Supp. 261, 263
20  (which cites _Townsend v. Sain_, 372 U.S. 293, 313 83 S. Ct. 745 (1963))
21  the court made it clear, stating that a habeas corpus court
22  ". . . _must_ accept as true allegations which have not been
23  controverted, though seemingly incredible.". Credibility in
24  this instance is a non-issue, for petitioner alleged that the
25  evidence was insufficient, respondent admitted it, and the
26  court was obligated to rule in petitioner's favor.
27        Here, the state's actions were fundamentally unfair,

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

for if petitioner had received the full panoply of state and federal law the petition would have been granted based upon the evidence being insufficient to support the conviction on count one. Petitioner believes that had the roles been reversed and petitioner had failed in his duty to controvert any material allegations he would have suffered the consequences -- no matter how steep. (*Cooks v. Spalding*, 660 F.2d 738 (9th Cir. 1981); *Fetterly v. Paskett*, 997 F.2d 1295 (9th. Cir. 1993) The state has committed reversible error by failing to adhere to it's own laws -- this error cannot be deemed harmless, for petitioner most probably (in 2004) would be a free man had the state not deprived petitioner of his right to due process of law.

In *Hicks v. Oklahoma*, 447 US 343, 100 S. Ct. 2227, 65 L. Ed 2d 175 the Court reasoned that the Fourteenth Amendment preserves against arbitrary deprivation by the state, therefore this honorable court must -- in the interest of preserving the U.S. Constitution and bringing about justice -- issue the relief being sought herein.

## THE STATE COURT'S FINDINGS OF FACT WERE IN ERROR

In *Townsend v. Sain*, supra the Court reasoned that, an evidentiary hearing in a habeas corpus proceeding to determine facts is mandatory when certain procedural deficiencies occurred in the state courts' fact finding procedures. (Id at (U.S.)(313)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1    Here, the court's crucial finding of fact was that "Ricky
2 Nelson's statements in his interviews conflicted and changed
3 on several key issues, including who was initially pres-
4 ent when the victim was abducted. As a result, petition-
5 er's defense counsel made a proper tactical decision
6 to not call Nelson as a witness due to his inconsistent state-
7 ments. (People v. Bolin, (1998) 18 Cal. 4th 297, 334)." (Ex. H)
8    Petitioner points out that the court's "OTSC" asserted
9 that "Nelson consistently claimed" that Watkins was the
10 person who brandished the firearm and drove the victim's
11 vehicle. (Ex. A pg. 8) Yet, defense counsel testified that
12 Nelson was inconsistent about this because he (Nelson) told
13 a version that had him (Nelson) in the "Dodge Colt" with pet-
14 itioner while Watkins abducted the victim alone. As for petit-
15 ioner's whereabouts, "Nelson consistently claimed" that petit-
16 ioner did not leave the "Dodge Colt", which in all due re-
17 spect was the key issue, because it corroborated petition-
18 er's claim that he did not brandish a firearm and abduct
19 the victim. (Ex. M)
20    While testifying at the evidentiary hearing defense
21 counsel admitted that he did not interview Nelson, which
22 calls into question the court's finding that counsel made a
23 proper tactical decision to not call Nelson. (See Chambers v.
24 Armontrout, 907 F.2d 825 "The decision to interview a pot-
25 ential witness is not a decision related to trial strategy,
26 rather it is a decision related to adequate preparation
27 for trial.") Trial counsel's decision had no investigational basis



1  — — it even pales in comparison to _Chambers'_ defense couns-
2  el's reading of trial transcripts of testimony being made under
3  oath — — petitioner's counsel read a police interview and
4  transcripts of an interview that was _prepared_ by _formal_ couns-
5  el and decided that Nelson would do more harm than good. This
6  surely was not a _proper_ _tactical_ _decision_, especially where
7  there were no other witnesses that could testify to petition-
8  er's whereabouts! The evidentiary hearing also revealed
9  other deficiencies in counsel's performance.
10      These facts coupled with the errors in the procedures
11  mentioned above amount to an evidentiary hearing that was
12  useless — — the record speaks for itself — — all of the
13  claims weren't adjudicated and the record is simply mis-
14  stated in regards to Nelson and what petitioner's claims
15  actually consisted of.
16      At the very least, this court should order an "Evid-
17  entiary Hearing, for Nelson was not on hand to testify at
18  the hearing, which **may** be the fault of post-conviction
19  counsel, for Nelson was subpoenaed and showed for the
20  initial hearing date, which was continued for Unforseeable
21  Reasons. Nelson could not be found at the next hearing
22  date. Nelson has yet to state "**under oath**" that petitioner
23  was not a principle in the abduction.

# CONCLUSION

26      Here, petitioner was tried and convicted of crimes
27  that involved three suspects. Petitioner received a Life

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 05 90192

1  sentence with several enhancements. The other suspects re-
2  ceived 3 years and 8 months and a sentence petitioner
3  believes was 13 years (under half time law). Petitioner was
4  offered a Life sentence as a plea bargain. It has been
5  said repeatedly by different courts that petitioner's
6  "<u>participation</u>" in the charged crimes justifies the con-
7  viction and punishment. If law is based upon equity
8  then petitioner's "<u>participation</u>" should not have called for
9  such dogged prosecution and the overwhelming sentence.
10  Petitioner has served nearly 16 years and has always
11  maintained his innocence of brandishing a weapon that
12  evening - - the facts of the case and Nelson's state-
13  ments support this claim. Petitioner was called back on
14  habeas corpus in "03"-"04" and treated unfairly when the
15  supposed objective was finding the truth. Petitioner
16  understands the gravity of the crimes and owned up to
17  the role he took in them. Petitioner is not looking to recover
18  millions of dollars - - he only seeks to regain his freedom - -
19  for he knows that he was no innocent bystander when these
20  crimes occurred, but he maintains that he should no longer
21  be incarcerated, for he's served his time (and some) for
22  his individual actions.
23      The state arbitrarily deprived petitioner by their
24  refusal to render the relief which was mandated by law,
25  therefore this Honorable Court must reverse petitioner's
26  conviction.
27

# PRAYER FOR RELIEF

²Petitioner prays this Honorable Court will:
1) Reverse petitioner's conviction and order that petitioner be released forthwith from CDCR custody;
2) or any other form of relief this Court deems just and proper.

/ / / / / / / / / / / / / / / / / / / / / / / /

# DECLARATION

I, Edward Motley, declare under penalty of perjury that the foregoing is true and correct. This was executed on 2/27/08 at Tehachapi-CCI in Kern county California.

Respectfully Submitted,

Dated: 2/27/08

/s/ Edward E. Motley

/P/ EDWARD MOTLEY

IN PRO PER

FN.2) DUE TO RECEIVING THE RECENT CALIF. SUP. CT. "DENIAL" (EXHIBIT O) PETITIONER COMBINES THE ISSUES INSTEAD OF SUBMITTING SEPERATE PETITIONS. PLEASE SEE NEXT PAGE...


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

b (11)

# SUPPLEMENTAL PLEADINGS

## CLAIM. II

### PETITIONER'S 14th AMENDMENT
### RIGHTS WERE VIOLATED. . .

To state facts and basis of this claim petitioner relies upon EXHIBIT "N" (THE HABEAS SUBMITTED TO THE CAL. SUP. CT.) w/ the contentions below. . .

### THE STATE FAILED TO ADHERE TO
### IT'S OWN LAWS

At GROUND 2 (EX. N) petitioner stressed to the state courts that due to the partial reversal on direct appeal California Penal Code 667.6 (d) could no longer stand and therefore his sentence should be readjusted, since the required element of violence is no longer there. Petitioner also argued that according to Cal. Pen. Code 1170(b) and Cal. R. of Ct. 4.420(c) the trial court erred by both enhancing and aggravating the term.

The issues presented at GROUND 2 weren't acknowledged by the Superior Court, so petitioner brought the same issue along with GROUND 4 (EX. N) to the Cal. Ct. of Apps. . GROUNDS 2 and 4 weren't entertained by the Appeals Court. Petitioner submitted EXHIBIT "N" to the Cal. Supreme Court and was again DENIED without comment or citation. (Ex. O)

Here, the state was bound by it's own law and the U.S. Constitution to at the very least, give an opinion on GROUNDS 2 and 4 of the state petitions. Furthermore, GROUND 2 is a

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1  meritable claim and California was bound by it's own laws to
2  properly adjust petitioner's sentence. In not doing so the
3  state arbitrarily deprived petitioner of "Equal Protection
4  of the law". Exhibit "N" speaks volumes -- petitioner
5  sought to exercise his right to to seek redress in a
6  court(s) of law, but the state's refusal to address pet-
7  itioner's claims impeded upon that right, which is guar-
8  anteed by the California and U.S. Constitutions.(See again
9  <u>Hicks v. Oklahoma</u>, supra.)

## <u>CUNNINGHAM v. CALIFORNIA</u>

12  To avoid being repetitious petitioner directs this
13  court's attention to GROUNDS 1 and 3 of Ex. N to state
14  the facts and arguments in their entirety for this por-
15  tion of the petition.

17  I declare under the penalty of perjury that
18  the foregoing is true and correct.

RESPECTFULLY SUBMITTED,

/s/ Edward E. Mott

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case.  Do not discuss the holding or reasoning

3   of these cases:

4   ___HICKS v OKLAHOMA supra._____

5   _____

6   _____

7   Do you have an attorney for this petition?                    Yes_____        No__X__

8   If you do, give the name and address of your attorney:

9   _____N/A_____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding.  I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on ___2/27/08___            _____

14                Date                              Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

EDWARD E. NOBLE PRO PER
CALIFORNIA CORRECTIONAL INSTITUTION
P.O. BOX - 1902 (44-2C-110)
TEHACHAPI, CA. 93581

RECEIVED
MAR - 3 2008

UNITED STATES COURT HOUSE - FEDERAL
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA. 94102.