1  Edward Motley #H56441
2  P.O. BOX - 1902
3  Tehachapi, CA. 93581
4  In Pro Persona

"ORIGINAL"
FILED
08 MAY -2 PM 2:01

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD EUGENE MOTLEY, Petitioner, <br><br> v. <br><br> W.J. SULLIVAN, Respondent. | Case No. CV 08-1362 MJJ (PR) <br><br> MOTION TO RELIEVE PETITIONER OF JUDGEMENT[S] ENTERED ON HABEAS CORPUS <br> (Fed Rules of Civil Proc. 60(b)(1)(3)) |

I, Edward Motley, hereby moves to seek relief "from" or reconsideration "of" the Order[s] Dismissing a habeas petition (see Ex. A and B) by way of <u>Federal Rules of Civil Procedure Rule 60(b)(1)(3)</u>

Rule 60(b) provides in part:
"On motion and upon such terms as are just, the court may relieve a party... from a final judgement, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud..., misrepresentation, or misconduct of an adverse party; (4) the judgement is void; (5) the judgement has been satisfied, released, or dis-

1.

charged, or a prior judgement upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgement should have prospective application; or (6) any other reason justifying relief from the operation of the judgement." See Gonzalez v. Crosby, 125 S.Ct. 2641 ft note 2; 162 L.Ed. 2d. 480; 2005 U.S. LEXIS 5014; 18 Fla. Weekly Fed. S. 449.

The court may, in exercise of sound discretion, vacate default judgement for any reasons stated in subdivision (6) of this rule, pertaining to such vacation and, ought, in keeping with fundamental principle that object of legal procedures is to determine issues upon their merits instead of upon refinements of procedure, exercise such discretion **liberally** where any ground for vacation exists under this rule or because of any other sound justification, but such discretion is not absolute and must be applied to give effect not to judge's will but to that of the law. See 11 C. Wright. A. Miller. And M. Kane, Fed. Pract. and Proc. sect. 2857 2d. Ed. 1995 and Supp. 2004.

## LEGAL BASIS

Movant respectfully contends that the District Court's orders in this instance are the result of "mistake" or misrepresentation of the rules that govern federal habeas corpus proceedings.

At exhibit A. the District Court dismissed movant's petition stating that, " A second or successive petition challenging the same conviction or parole denial may

1  not be filed in this court under 28 U.S.C. § 2254 unless
2  petitioner first obtains from the United States Court of
3  Appeals for the Ninth Circuit an order authorizing this
4  court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).
5  As petitioner has not obtained the necessary authoriz-
6  ation from the Ninth Circuit, the petition is "DISMISSED."
7  While noting that said petition is based on asserted err-
8  ors in the disposition of state habeas petitions, and
9  therefore was uncognizable . . .
10    Movant points out that the petition in question
11 does not directly challenge the conviction, but the integ-
12 rity of the state proceedings, which arose from movant's
13 challenge of the 1992 conviction. These asserted errors are
14 plain and reversible. The petition's "Supplement" also chall-
15 enges the state's refusal to entertain movant's claim that
16 a sentencing enhancement should be stricken due to a
17 partial reversal on direct appeal.[1] And lastly, the petition
18 challenges the constitutionality of sentencing enhancements
19 pursuant to new law (<u>Cunningham v. Calif.</u> (2007)).
20    <u>28 U.S.C. SECTION 2254 RULE 9(b)</u>
21    <u>PROVIDES THAT</u>:
22      SUCCESSIVE PETITIONS. A SECOND OR SUCCESSIVE
       PETITION MAY BE DISMISSED IF THE JUDGE
23     FINDS THAT IT FAILS TO ALLEGE NEW OR DIFFER-
       ENT GROUNDS FOR RELIEF AND THE PRIOR DETER-
24     MINATION WAS ON THE MERITS OR, IF NEW AND
       DIFFERENT GROUNDS ARE ALLEGED, THE JUDGE
25     FINDS THE FAILURE OF THE PETITIONER TO ASSERT
       THOSE GROUNDS IN A PRIOR PETITION CONSTITUTED
26     AN ABUSE OF THE WRIT.
27    [The] requirement is that the prior determination of
28 the same ground has been on the merits. This require-

---
FN.1) THIS COURT MADE NO MENTION OF THIS CLAIM.

3.

1. ment is in 28 U.S.C. sect. 2244(b) and has been reiterated
2. in many cases since <u>Sanders v. United States</u>, 373 U.S. 1
3. (1963), See <u>Gains v. Allgood</u>, 391 F.2d 692 (5th Cir.(1968); <u>Hutchin-</u>
4. <u>son v. Craven</u>, 415 F.2d 278 (9th Cir. 1969); <u>Brown v. Payton</u>, 435
5. F.2d 1352 (4th cir. 1970).
6.     There has been no abuse of writ in this instance.
7. All of the asserted claims were fairly presented to the state.
8.     Thusly, if the prior petition was not decided on
9. the merits the second petition **is not** a "successive" petition
10. under the meaning of the "Act", and therefore petitioner
11. **need not** seek permission to file said petition in the
12. District Court. See <u>In re Turner</u>, (9th 1996) 101 F.3d 1323.
13. Here, the "prior" petition was **DISMISSED** as untimely.
14.     In respect to the District Court's assertion that,
15. "Errors in the state post-conviction review process are not
16. addressable through federal habeas corpus proceedings,
17. however. See <u>Ortiz v. Stewart</u>, 149 F.3d 923, 939 (9th Cir. 1998)"...
18.     In light of this court's reasoning movant submits
19. that in cases where the California Supreme Court has
20. issued a "Postcard Denial" the federal court will first deter-
21. mine whether a lower state court rejected the claim in a
22. reasoned legal opinion. See <u>Robinson v. Ignacio</u>, (9th cir. 2004)
23. 360 F.3d 1044, 1055 (federal court reviews "last reasoned
24. decision" by state court(citation and internal quotations
25. omitted)).
26.     If there is **no** reasoned decision by any state court
27. the federal court will conduct "an independant review of
28. the record . . . to determine whether the state court

4.

clearly erred in it's application of controlling federal law." Delgado v. Lewis, (9th cir. 2000) 223 F.3d 976, 982. The federal court will "focus primarily on **SUPREME COURT CASES** in deciding whether the state court's resolution of the case constituted an unreasonable application of clearly established federal law." Fisher v. Roe, (9th cir. 2001) 263 F.3d 906, 914, overruled on other grounds in Payton v. Woodford, (9th cir. 2003) 346 F.3d 1204, 1218 n.18.

  Here, the state made **no mention** of the issues (save the Cunningham claim) being complained of in the instant federal petition, although movant stated with particularity, in each state petition, the relief he sought.

  Furthermore, Hicks v. Oklahoma, 447 U.S. 343 in protection of such arbitrary deprivation allows federal review. Here, the state clearly refused to address movant's properly stated state and federal based claims, which is indeed an issue of due process of law. How can one seek redress of any kind if the judicial powers decline to comment?

  Moreover, movant points out that this court in it's review of a prior petition (Motley v. Runnels, No. 05-3254 MJJ(PR)) addressed the same issues that are stated in the instant petition (save the Supplement) **in connection** with the issues challenging the 1992 conviction which were subsequently DISMISSED as untimely pursuant to 28 U.S.C. sect. 2244. With all due respect to this court's view movant is compelled to ask a fair question: how can the same claims -- be uncognizable in this second petition? (See again No. 05-3254 at doc. 3, 5, and 6)

5.

## DISMISSAL ON THE MERITS

At exhibit B the District Court issued a judgement indicating that the same petition <u>was</u> DISMISSED <u>on the merits</u> entering a judgement in favor of the respondent. This judgement was filed <u>two days after</u> the order DISMISSING said petition for failure to obtain authorization to file a second or successive petition. (Please note that both exhibits "A" and "B" were forwarded to movant in the same envelope.)

Movant believes that this judgement must have been entered by mistake or some other reason because: 1) The petition had already been DISMISSED (ex.A) for procedural reasons; 2) There has been no legal discussion on the merits, where there were several different contentions; 3) And the order at ex.A stated that the issues raised in the petition weren't addressable through federal habeas proceedings.

Movant (a layman) is sincerely confused as to what the court's order is. Without confirmation (outside of this motion) movant is at a loss as to how to proceed. Is he to seek authorization from the Ninth Circuit, or does he seek a COA in regards to the ruling on the merits?

The Court in <u>Gonzalez v. Crosby</u>, supra. (syllabus) stated: "A Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in federal habeas proceedings' integrity." Furthermore,

1  given the fact that movant's prior petition was procedurally
2  barred he is able to file not only a Rule 60(b) motion, but a
3  full blown habeas petition without running afoul of 28 U.S.C.
4  § 2244(b). (Id at n.6) See Murray v. Griener, 394 F.3d 78 (9th
5  cir. 2005)

## CONCLUSION

The habeas proceedings in this instance were defective, therefore, for the foregoing reasons this court must vacate the orders beneath Exhibits "A" and "B" in the means of reaching the merits of movant's properly filed federal habeas petition, or at the very least give absolute confirmation of what _exactly_ this court's order on habeas is.

## DECLARATION

I, Edward Motley, declare under penalty of perjury that the foregoing is true and correct. This was executed on 4/29/08 at CCI-TEHACHAPI in Kern county, California.

Respectfully Submitted,
/s/ _Edward E. Motley_
/p/ _Edward E. Motley_
IN PRO PER

7.

<u>EXHIBIT A</u>

ORDER OF DISMISSAL
AS SUCCESSIVE PETITION...

FILED

MAR 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD EUGENE MOTLEY, | C 08-1362 MJJ (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** |
| vs. | |
| W.J. SULLIVAN, et al., | |
| Respondents | **(Docket No. 6)** |

Edward Eugene Motley ("petitioner"), a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1992 conviction in Santa Clara County Superior Court. Petitioner challenged this same conviction in a prior petition filed in this court, Motley v. Runnels, No. 05-3254 MJJ (PR), which petition was dismissed as untimely.[1]

A second or successive petition challenging the same conviction or parole denial may not be filed in this court under 28 U.S.C. § 2254 unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). As petitioner has not obtained the

---

[1] A certificate of appealability was denied by this court and the United States Court of Appeals.

G:\PRO-SE\MJJ\HC.08\motley.suc.wpd

1  necessary authorization from the Ninth Circuit, the petition is DISMISSED.

2      In addition, the Court notes that the instant petition is based on asserted errors in the
3  disposition of state court habeas petitions. Errors in the state post-conviction review process
4  are not addressable through federal habeas corpus proceedings, however. See <u>Ortiz v.</u>
5  <u>Stewart</u>, 149 F.3d 923, 939 (9th Cir. 1998)

6      The application to proceed in forma pauperis is GRANTED.

7      This order terminates Docket No. 2.

8      The Clerk shall close the file.

9      IT IS SO ORDERED.

10  DATED: 3/31/2008

12  MARTIN J. JENKINS
    United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MOTLEY et al,

    Plaintiff,

v.

SULLIVAN et al,

    Defendant.

Case Number: CV08-01362 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward Eugene Motley H-56441
CA Correctional Institution
P.O. Box 1902
Tehachapi, CA 93581

Dated: April 2, 2008

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk

<u>EXHIBIT B</u>
JUDGEMENT ON THE MERITS...

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED
APR 0 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MOTLEY,

    Plaintiff(s),

v.

SULLIVAN,

    Defendant(s),
_____/

No. **C08-01362 MJJ**

**JUDGMENT**

(Plaintiff is required to serve, and file proof of service with the Court, any party involved not listed on the attached proof of service.)

The Court has **dismissed** the instant petition for a Writ of Habeas Corpus on the merits. Therefore, judgment is entered in favor of the respondent. Petitioner shall take nothing by way of his petition.

IT IS SO ORDERED.

Dated:    April 2, 2008

Martin J. Jenkins
U.S. District Court Judge

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MOTLEY et al,

        Plaintiff,

v.

SULLIVAN et al,

        Defendant.

Case Number: CV08-01362 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward Eugene Motley H-56441
CA Correctional Institution
P.O. Box 1902
Tehachapi, CA 93581

Dated: April 2, 2008

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk

## CERTIFICATE OF SERVICE BY MAIL

1. I, **Edward E. Motley**, HEREBY DECLARE AND STATE THAT, I AM OVER THE AGE OF 18 YEARS OLD, AND I (AM) (AM NOT) A PARTY TO THE WITHIN CAUSE OF ACTION. THAT ON THIS **29th** DAY OF **April**, **2008**, I PLACED THE BELOW NAMED LEGAL DOCUMENTS IN THE UNITED STATES MAIL AT CCI-TEHACHAPI, CALIFORNIA.

**RULE 60(b) MOTION**

FOR WHICH ARE ADDRESSED TO THE BELOW NAMED PARTIES/PERSONS/ADDRESSES:

1. UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA 94102

2.

3.

4.

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAW OF THE STATE OF CALIFORNIA AND THE UNITED STATES. THAT THE ABOVE CERTIFICATE OF SERVICE IS TRUE AND CORRECT OF MY OWN PERSONAL KNOWLEDGE, AND RECOLLECTION THEREIN.

*Edward E. Motley*
DECLARANT.